The opinion of the Court was delivered by
Dunkin, Ch.
The original decree in this cause was made by Chancellor Dargan in June, 1856. From that decree an appeal was taken on ten distinct grounds. Upon the call of the case, at the sittings of the Appeal Court, in January, 1857, the appeal was abandoned by the solicitors of the appellant, and is so marked on the docket of the Court. Some time after the abandonment of the appeal an application was made to the City Council to pay, or contribute to pay, to the expenses of the litigation which had resulted in facilitating the opening or extension of Concord street. The correspondence which then took place, is referred to as exhibit A, of the appellant’s petition but is not printed with the brief and the *465 Court only knows of it from the casual reading by the counsel of the appellee in the course of his argument from one of the newspapers of the city. It would seem from that correspondence that, while the Council recognized the services rendered to the public in the proceedin^^ffi^^^^M^d further action in consequence of a coh^^Nuation the appellant’s counsel which induced the^belief of ^qu^-pplthat the object had not yet been consumiiill^V fcliláb'ujJoáiL in March, 1858, proceedings were takem by the j^i^tim] to enforce the decree of Chancellor Darg^m ^-suTO'g'out arnrit of injunction, &c. from the register. Tliraiasjsa^^SSt to be urged when, on 23d June, 1858, a petition was filed praying for a rehearing of the original cause. The Chancellor declined to grant the prayer of the petition, and this constitutes the first question to be determined.
The general practice on this subject is stated in Carr vs. Green, Rich. Eq. Cases, 405, and Downs vs. Simpson, 5 Rich. Eq. 421. But the special ground, on which the petitioner relies, is that the original appeal was abandoned because the Chancellor’s notes of evidence were not forthcoming. This circumstance may, or may not, have furnished a very good reason for the Court of Appeals at that time to have postponed the hearing, or to have given the appellants such aid as may have seemed proper, but it constitutes no ground whatever for rehearing an appeal which had been formally abandoned by the parties. As well might an unsuccessful litigant in the Law Court of Appeals, after his appeal had been abandoned and so entered on the record, move, a twelve month after-wards, to have his cause reinstated on the docket and a new trial ordered because no report, or an imperfect report, bad been made by the presiding Judge who originally heard the cause.
But, out of the ten grounds of appeal taken, six might very well have been heard and determined upon the pleadings alone, and, in reference to the other grounds, the greater par^ *466 of the evidence (as appears from the argument here) was manifestly documentary or from public records which were always accessible to the parties, and which it was their duty, and not that of the presiding Chancellor, to have exhibited before the appellate tribunal. The principal matter pressed in the argument is (not as to the want of evidence of the original dedication by the proprietors, which is altogether documentary and which does not appear to be seriously questioned but) as to the acceptance on the part of the public, represented by the City Council. The Court is, of course, unable to determine what evidence may have satisfied the mind of the Chancellor upon this point, nor is it at this time and on this application a proper subject of inquiry for the reasons already stated. This Court is of opinion that the petition presented no sufficient grounds for a rehearing, and was properly dismissed.
But it was submitted that although the Court would, in no manner, disparage the judgment pronounced by Chancellor Dargan in June, 1856, yet if, in enforcing the orders following thereon, insurmountable obstacles were presented, or the defendant, in yielding obedience to those orders, would violate the laws of the land, and encounter the perils of a prosecution, this Court had the authority, and should exercise it, of suspending the execution of those orders. Undoubtedly cases may arise, and have existed, in which the Court has suspended the execution of its own decrees, or a succeeding Chancellor has suspended the execution of an order made by his predecessor. It is a power to be exercised with great delicacy, but the authority properly exists, and whether justifiable or not must depend on the circumstances, or exigency, of the particular case. Of the grounds assumed for such interference in this case the Court deems it necessary only to notice particularly the objection that by the Act of Assembly 21st Dec., 1799, (7 Stat. 115) a penalty of forty dollars per week is imposed for throwing open, to the use of the public, enclosed spaces within *467 the corporate limits of Charleston, without the consent of the City Council, and it is urged that to obey the mandate of the Court in this case would subject the defendant to a prosecution under this Act.
The Act of 1799 was avowedly passed for the purpose of aiding the City Council of Charleston in the enforcement of their police regulations. The preamble recites the grievance to be prevented, and that “the corporation of Charleston can impose no penalty which would be sufficient to prevent persons from acting in opposition to the regulations” therein prescribed. It is then declared, su bstantially, that, before any street, lane, court or alley shall be opened, a plan shall be submitted and approved by the City Council, &c. — and provides a penalty of forty dollars for every week the street shall remain open contrary to, or in violation of the provisions of the Act. Concord street up to Hasell street has long since been established, and has been lighted, paved, &c., under the authority and at the expense of the corporation, &c. The dedication of the premises now in controversy being a continuation of Concord street beyond Hasell street was made in 1,801, and the plan of the proposed street was placed upon the public records of the country. Without reference to any previous proceedings, on the part of the city authorities, it is matter of record that, prior to the filing of this bill in June, 1853, the City Council had caused a prosecution to be instituted against the defendants’ testator for a nuisance in obstructing this part of Concord street as a public thoroughfare. The Court has no official information as to the cause of the failure of the City Council in that prosecution. But when those proceedings are considered in connexion with the correspondence subsequent to the decree of June, 1856, and which was put in evidence by the petitioner, the Court is satisfied that any apprehensions of the defendant of a prosecution under the Act of 1799, either at the instance of the City Council, or of any one else, may be safely dismissed, and that *468 the order of Chancellor Dargan for removing the obstructions, &c., may be obeyed by the defendant without peril of the penalties imposed by that Act.
It is ordered and decreed that the appeal be dismissed.
Johnston and Wardlaw, CC., concurred.
Appeal dismissed.